## U.S. DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## (HOUSTON DIVISION)

**JILL KATHRYN PETERSON, Plaintiff**     §

**v.**           § **Case No. _____**

**DONALD JONATHAN PETERSON,**
**NOVUS INITIUM, INC., SERCO LTD.,**    §
**MOHAMMED AL- SAADY, JAMES R.**
**MORTON, KHALID ALTAEE, ADAM FAHIL,**
**NASRO GARGUITA, VENECIO DE SILVA,**
**MURTHANA AL-ANBAKY, RIAD**
**CHEHAYAB AND ROM JAY ADENIP,**
**Defendants**

### ORIGINAL COMPLAINT AND STATEMENT OF FACTS

COMES NOW JILL KATHRYN PETERSON, PLAINTIFF, and for her Complaint against

defendants Donald Jonathan Peterson, James Robert Morton, Novus Initium, Inc. et al., by and

through her attorney, shows the Court the following:

### BRIEF STATEMENT OF THE RICO CASE

1.   Plaintiff is married to Defendant Donald Jonathan Peterson, but is in the process

of divorce. (Cause 58639 in the 308th District Court of Harris County, Texas).

However, prior to the filing of the divorce in September 2017 Plaintiff witnessed a

number of meetings at her home in Spring, Texas. At these meetings, approximately

$260,000 in cash was handed over to Defendant James R. Morton by Defendant

Peterson, purportedly for investment in defendant corporation Novus Initium, Inc.

However, Novus Initium never conducted any business, had no bank account, and has

never accounted for the money given to it, an undivided half of which belonged to

1

Plaintiff as her share of community property. However, she never was given any shares or income from the company. Tellingly, Defendant Donald Jonathan Peterson has never claimed anything from Peterson, because they were conspiring to use the money for, among other things, an illegal export scheme. In July of 2017 Plaintiff moved out of her home in Spring to a residence in Houston, and became a threat to Defendants Peterson and Morton as well as other co-conspirators, as she was a witness to the turnover of money and of electronic equipment for illegal export. Also, Defendant Donald James Peterson moved out of their community accounts $266,000.00, which are unaccounted for but which are at least partially in an HSBC account probably located in Dubai and possible in stock in Serco Ltd. PLC. Present at those meeting were Defendant Peterson, Defendant Morton, James Berbich, Mohammed –al-Saady and Hussein Al-Aukelly. Since then, she has been subject to terroristic threats, assault and sexual assault by among others Defendants Mohammed al-Saady, Hussein Al-Aukelly, Khalid Altaee and Adam Fahil, the surveillance and hacking of her internet and phone accounts and tracking and sabotage of her car in an effort to silence and intimidate her as she was witness to a number of illegal acts. The money collected by Morton –and perhaps other persons, was used to purchase electronic equipment –probably smart phones, which then were turned over to Donald Peterson by Mohammed al-Saady. This equipment was then illegally exported to Iraq –and perhaps Iran- by Peterson, who is an air traffic controller instructor in Iraq, and has easy and uninspected access to that country and bribed officials to be able to import them without duties or taxes. The money made by these transactions was never

2

reported to the IRS by Morton or Mr. Peterson as income nor have the foreign accounts where the money was kept were reported to FBAR; in fact, at least Defendant Peterson with malice aforethought and criminal intent to evade taxes filed false tax returns where even his legitimate income from his work as an air traffic controller instructor was omitted, putting his innocent spouse in jeopardy. It is possible that part of the money has ended up in employee accounts at Serco Ltd PLC. The Defendants have used the US Postal Service, the phones and the internet to further their scheme. Plaintiff has been raped, attacked, had her privacy violated and lost no less than $263,000.00 to the racketeering activities of the Defendants joint and several.

**2.**              **ALTERNATIVE PLEADING**

**3.**         In the alternative, if it is found by judicial order that the pleadings herein do not support a RICO claim, then each count herein is an independent claim against the named Defendants in such claim.

**PARTIES**

**PLAINTIFF**

4.         Plaintiff Jill Kathryn Peterson is an individual who resides at 11526 Village Place, Houston, Texas 77077. She has been the victim of the described RICO conspiracy: (1) She has been defrauded of her rightful ownership in Novus Initium, Inc. to which she contributed no less than $130,000.00 as her share of the community property and yet has no received any shares or income from said company, and appears as rightful owner of an interest in the same and includes herein an investment fraud action

against James R. Morton and Novus Initium, Inc.. (2) More money of her estate has been illegally transferred either to Novus Initium Inc. or offshore accounts in violation of the temporary orders set out in her divorce action 2017-58293 in the 308th District Court of Harris County, and she has been defrauded of $133,000.00; (3) As a witness to the transaction that led to the creation of the bogus corporation and the actions of the conspiracy, including the transfers of money and of telecommunication materials that would be sent to Iraq or Iran, she has been intimidated by terroristic threats and rape in an effort to silence her, and she indeed right now may be under threat of death from the members of the conspiracy. So long as she was the wife of Defendant Peterson, she was not a threat to him or his criminal enterprise. However, once she began divorce proceeding against him, she became a threat that need to be silenced or killed. (4) Furthermore, her husband Mr. Peterson filed in 2016 and 2017 false joint tax returns which she did not sign or authorize omitting any income for his work in Iraq, putting her in jeopardy and requiring innocent spouse status.

## JOINT AND SEVERAL DEFENDANTS

1.      Defendant **Donald Jonathan Peterson** is an individual who may be served at his address at 20926 Marcin, Spring, Texas 77388.  He was one of the main culpable persons and ringleader of the racketeering conspiracy and has planned, led and carried out much of the racketeering activity against Plaintiff, which continues to this day. Besides acting on his own, he has acted with James Robert Morton, and a bogus corporation Novus Initium, Inc., which never has done any real business, and has led an array of collaborators in his fraudulent and continuing criminal enterprise. More

4

particularly, with reckless disregard for the law and criminal intent and malice, he transferred on various occasions the liquid assets he held in community with his wife to accounts in the Middle East or elsewhere, including employee benefit accounts at Serco Ltd. PLC or one of its subsidiaries fraudulently explaining that they were for investment in Novus Initium, Inc., where the fund never arrived. He used with criminal intent and reckless disregard for the law the corporation Novus Initium, Inc., whose website is full of lies and misrepresentations concerning his qualifications and academic credentials as a front for various criminal activities in the US, Iraq and perhaps Iran, Singapore, Nigeria and Indonesia, and defrauded it of its legitimate and paid in shareholder Plaintiff Jill Peterson. Furthermore, he with reckless disregard for the law and court orders and criminal intent he continued to transfer such assets in violation of the temporary orders of the Divorce Court as hereinabove cited. These monies were used for illegal activities or deposited in offshore accounts, more particularly in those at HSBC Bank in the Middle East and perhaps in employee benefit accounts at Serco Ltd PLC or one of its subsidiaries. Furthermore, with criminal intent and reckless disregard or the law he gathered and couriered on various occasions to Iraq and perhaps Iran phone equipment, without paying duties or an export license, and with malice aforethought bribing Iraqi officials. Furthermore, with recklessness and intent to defraud he filed false joint income tax returns in 2016 and 2017 hiding the illegal profits he had received as well as his legitimate salary. Furthermore, with evil intent and criminal intent to harm or kill he has ordered or instigated and perhaps paid for a campaign of intimidation and physical and

5

psychological terrorism against his wife the Plaintiff, which includes terroristic threats by the phone, assault, rape, hacking phone and e-mail communication and tracking and saboting her vehicle, putting her in fear for her life. This was done to intimidate and silence her as a potential witness. Furthermore, with criminal intent and malice aforethought he has used e-mails to further his criminal schemes. He, in effect, is the leader of the racketeering enterprise. *Cedric Kirshner Promotions v. King,* 533 US 158, 159. However, the racketeering "enterprise" here is not only Defendant Peterson and his corporations or entities, but other persons as shown below as well. *Boyle v. United Sates,* 129 S.Ct. 2237, 2245 (2009).

2. **James R. Morton**, whose address for service is 18015 Pleasantwood Dr., Spring, Texas 77379, where he may be served. He is also one of the main culpable persons and ringleaders of the racketeering conspiracy against Plaintiff and Novus Initium, Inc., and with malice aforethought and criminal intent (1) defrauded Plaintiff of $133,000.00 by taking her money for the corporation Novus Initium, Inc., but then never issuing her the stock or interest to which she was entitled and as a director is a defendant in the derivate action herein. This money has never been reported, and may be held in offshore accounts. (2) He has acted with Donald Jonathan Peterson by assisting him knowingly and with malice aforethought and criminal intent to defraud Plaintiff of her money and take money that should not have been alienated from her estate in violation of a state court order, by helping him on various occasions to hide the money. (3) He with criminal intent and malice aforethought set up Novus Initium, Inc. a bogus corporation, which has been a front to carry out criminal activities in the

US, Iraq and perhaps Iran, Singapore and Nigeria. (4) He has with malice aforethought used the phones, internet and e-mail to further his criminal schemes. (5) He has intentionally and with criminal intent and intent to defraud failed to include the income from his racketeering in his federal tax returns. He, in effect, is the leader of the racketeering enterprise. *Cedric Kirshner Promotions v. King,* 533 US 158, 159. However, the racketeering "enterprise" here is not only Morton and his corporations or entities, but other persons as shown below as well. *Boyle v. United Sates,* 129 S.Ct. 2237, 2245 (2009).

3. **Novus Initium Inc. ("Novus")**, a corporation organized and chartered under the laws of Texas, whose agent for service is James R. Morton at 18015 Pleasantwood Dr., Spring Texas 77379, where he may be served. However, as of writing this corporation has lost its fanchise for the failure to pay its franchise tax and/or for the failure to file franchise tax reports. While this corporation was allegedly set up to get private contracts for, *inter alii,* Defendants Morton and Peterson, in Indonesia and other places, the fact is that the corporation never did any business as itself except as a front for Defendants Peterson, Morton and others, never issued any stock, never had a bank account, and the money contributed to it never was accounted for. Instead, it was a front for the illegal activities of Defendants Peterson and Morton and perhaps others. While it may have served as an entry for these two into contracts overseas, any monies made under its aegis were pocketed with malice aforethought and intent to steal and defraud, and hence deprived interest holder Plaintiff on any compensation for her investment. Furthermore, its website is full of

7

misrepresentations concerning the academic and work credentials of Donald Jonathan Peterson, done with criminal intent and reckless disregard of the truth to defraud potential customers. It now appears that the corporation has lost its status due to non-payment of franchise taxes or not filing franchise reports. Hence, the responsibility and the liabilities for the corporation lies with its sole officer, James R. Morton.

4. **Serco USA Inc. (Serco),** a Virginia corporation, a wholly owned subsidiary of Serco Ltd. PLC, whose agent for service is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen VA 23060, in violation of the law and with intent to defraud did not report Defendant Peterson's income or holdings to the IRS, hence jeopardizing the couple's US tax returns and perhaps has accepted investments from Mr. Peterson and perhaps Mr. Morton in order to hide money they have taken from the community property.

5. **Khalid Altaee, Adam Fahil, Hussein Al-Aukelly** and **Mohammed Al-Saady**, whose addresses are currently unknown but are residents of Texas were the perpetuators of the attacks and rape of Plaintiff Peterson, done with malice aforethought and criminal intent, under the direction and aegis of Defendant Peterson, with the intent to silence, intimidate or kill her. Furthermore, **Mohammed al-Saadi** with malice aforethought and intent to evade duties and taxes, provided the telecommunication equipment that was illegally exported to Iraq or Iran as well as personally attacked plaintiff as shown hereinabove. **Nasro Garguita** is also a resident of Texas who with malice aforethought and criminal intent installed the tracking device in Plaintiff Peterson's car.

8

6. **Venecio De Silva, Murthana Al-Anbaky, Murthana Adinweesh, Riad Chehayab and Rom Jay Adenip ("Jay Jay"),** whose addresses are unknown but are residents of Iraq, and personnel of Serco Services Mideast, a division of Serco Services PLC, the holding company that includes Serco USA Inc. have collaborated with the principals in ways that we hope to find out in discovery.

5. **John or Jane Does,** who assisted Defendants in the action related here, especially as related to with malice aforethought and reckless disregard for the truth making the terroristic phone calls Plaintiff Peterson has received over the past year to intimidate and silence her and sabotaging her car.

6. It should be pointed out that there are no innocents here. "To prove a pattern of activity…a prosecutor must show that the racketeering predicates are related, and that they…prove a threat of continued criminal action". *H.J. Inc. v Northwestern Bell Tel. Co.,* 109 S. Ct. 28993 (1989) at 2900. All the above persons participated in the racketeering scheme to defraud Plaintiff Peterson and steal her corporate interest and profits directed by Defendant Peterson and Morton and with they and theirs corporation and entities profited in some form from their collaboration with their scheme, whether with money, work preferment or retention. They had a commonality of purpose, to wit, to defraud and intimidate or kill Defendant Jill Peterson and to criminally use Novus Initium, Inc. and gain from their scheme. *U.S. v. Bledsoe*, 674 F2.d 647, 665 (11th Cir. 1982 and 18 USC 1962 (a) and (d). The pattern continues today

7. The use of all of these persons and the entities controlled by Peterson and Morton

arises to the status of a criminal enterprise as required by the RICO statute and the

predicate acts extends from May 2013 (creation of Novus Initium, Inc. until today).

The actions of Defendants Peterson, Morton and their cohorts have been carried out

with reckless disregard for the truth, intent to defraud and malice aforethought in a

plan organized by Morton and Defendant Peterson to defraud and Plaintiff for their

common and particular gain. Pursuant to *Allstate Ins. Co. v. Plunkett,* 808 F.3d 665,

673 (5th Cir. 2015), the existence of the entity led by Morton, i.e., Novus Initium, Inc.

is for the purpose of defrauding Plaintiff and third parties and serve as a front for

illegal activities. This is not a casual happenstance, but this corporation headed by

Morton operated with Defendant Peterson and perhaps others. See 18 USC 1962(b).

Defendants Morton and Peterson and others willing and knowingly and with malice

aforethought used the phones, mail and e-mail to attempt to defraud Plaintiff Peterson

and intimidate her in violation of 18 USC 1341 (a) and (d) . Each defendant agreed to

break the law and violated RICO, and did at least two predicate acts in furtherance of

the conspiracy, and coordinated and operated in violation of 18 USC 1982(c).

## FACTUAL ALLEGATIONS COMMON
## TO ALL RICO COUNTS HEREIN

8.     Plaintiff is married to Defendant Donald Jonathan Peterson, but is in the process

of divorce. (Cause 58639 in the 308th District Court of Harris County, Texas).

However, prior to the filing of the divorce in September 2017 Plaintiff witnessed a

number of meetings at her home in Spring, Texas. These meetings were attended by

Defendants Peterson, Morton, -al-Saady, Al-Akuelly and Berbich among others and at one time or another. At these meetings, approximately $260,000 in cash was handed over to Defendant James R. Morton by Defendant Peterson, in tranches of $18,000 every quarter in purportedly for investment in defendant corporation Novus Initium, Inc. However, Novus Initium never conducted any business, had no bank account, and has never accounted for the money given to it, an undivided half of which belonged to Plaintiff as her share of community property. However, she never was given any shares or income from the company. Tellingly, Defendant Donald Jonathan Peterson has never claimed anything from Peterson, because they were conspiring to use the money for, among other things, an illegal export scheme.  In July of 2017 Plaintiff moved out of her home in Spring to a residence in Houston and in September 2017 filed for divorce against Defendant Peterson, and became a threat to Defendants Peterson and Morton as well as other co-conspirators, as she was a potential witness to the turnover of money and of electronic equipment for illegal export. Present at those meetings were Defendant Peterson, Defendant Morton, James Berbich, Mohammed –al-Saady and Hussein Al-Aukelly among others. Since then, she has been subject to terroristic threats, assault and sexual assault by among others Defendants Mohammed al-Saady, Hussein Al-Aukelly, Khalid Altaee and Adam Fahil, the surveillance and hacking of her internet and phone accounts and tracking and sabotaging of her car in an effort to silence and intimidate her as she was witness to a number of illegal acts. The money collected by Morton –and perhaps other persons, was used to purchase electronic equipment –probably smart phones, which

11

then were turned over to Donald Peterson by Mohammed al-Saady. This equipment was then illegally exported to Iraq –and perhaps Iran- by Peterson, who is an air traffic controller instructor in Iraq, and has easy and uninspected access to that country and bribed officials to be able to import them without duties or taxes. The money made by these transactions was never reported to the IRS by Morton or Mr. Peterson as income nor have the foreign accounts where the money was kept were reported to FBAR; in fact, at least Defendant Peterson filed false tax returns where even his legitimate income from his work as an air traffic controller instructor was omitted, putting his innocent spouse in jeopardy. The Defendants have used the US Postal Service, the phones and the internet to further their scheme. Plaintiff has been raped, attacked, had her privacy violated, her car tracked and sabotaged and lost no less than $268,000.00 to the racketeering activities of the Defendants joint and several.

### RICO COUNTS OF ACTION

9.    **COUNT ONE:  LAUNDERING OF MONETARY ASSETS IN VIOLATION OF 18 USC 2, 1956 AND 1957**

Defendant Donald Peterson was supposed to keep intact the assets of the couple pursuant to temporary orders issued by the 308th District Court. Instead, he has carried out specific unlawful activities to remove and conceal these assets. More particularly, he has intentionally and with malice aforethought removed in contravention of the temporary orders in the divorce action in the 308th District Court to an unknown location significant assets of the couple, to wit, money market funds in the amount of $85,000, mutual funds

in the amount of $165,000, and a Citibank account in the amount of $16,000, for a total amount of $266,000.00, in violation of 18 USC 1956 and USC 1957, of which $133,000.00 is Defendant's community share. Defendant Morton, with malice aforethought and criminal intent, aided and abetted the laundering of such assets with full knowledge that the money was not supposed to be alienated from the Peterson's family accounts in violation of 18 USC 2, 18 USC 1956 and 18 USC 1957. There are also unaccounted amounts of their incomes generated from Iraq, Nigeria and Indonesia that lead us to believe that the hidden income, illegally put in foreign or domestic accounts, actually totals between the amount cited and one million US dollars. The Federal Office of Personnel Management, which manages and distributes his retirement, has advised the Plaintiff of Mr. Peterson's intent to have said payments sent to an HSBC Bank account in the Middle East.  Also, apparently there are amount of assets –or income generated therefrom- in Nigeria such that significant income tax is being paid there so it is reasonable to assume that assets or income may be generated from that country as well as from Indonesia, especially by or with the cooperation of Defendants Novus Initium and James R. Morton and perhaps Serco.

10.     Those assets not located in the United States have been placed in an overseas account or entity such as an offshore trust or corporation, including investment in Serco Ltd PLC., or if nowhere else at a HSBC Bank branch located in the Middle East with the criminal intent to defraud and launder. While these assets may now be out of the jurisdiction of the court, Donald Peterson and James R. Morton and Serco Ltd PLC through Serco USA Inc. are under the jurisdiction of this court.

11.     Wherefore, Plaintiff demands of the Defendants, joint and severally, $133,000.00, plus attorney's fees, costs and interest.

12.     **COUNT TWO: VIOLATION OF SECTIONS 7201 AND 7203 OF THE INTERNAL REVENUE CODE (26 USC 7201 AND 7203)**

13.     In violation of 18 USC 1956 and 1957, these assets have been placed overseas by Defendants Peterson and Morton maliciously and with malice aforethought and criminal intent to evade with the express purpose of evading their tax obligation and reporting in violation of 26 USC 7201 and 7203. These assets include their own and those that belong or should belong to Novus Initium, Inc.  The failure to report such monies and file honest tax returns put Plaintiff Jill Kathryn Peterson in jeopardy of being audited and her assets seized.

14.     In view of the above, Plaintiff asks that the court order the return of the assets to their original place or accounts and any foreign account's monies to the United States, and that a constructive trust in favor of Plaintiff be placed on all of Donald Peterson's assets in the United States, and that at least Defendant Peterson file an honest tax return. As it were, those that Peterson filed in 2015 and 2016 with criminal intent to evade taxes omitted any overseas income, in violation of the above cited statutes. These actions were carried out with the knowing and malicious assistance of Defendants Serco, Novus Initium and James R. Morton. Also, Plaintiff Mrs. Peterson should be given innocent spouse status as she never signed the fraudulent returns.

15.     **COUNT THREE: ACTION FOR INVESTMENT FRAUD**

14

16.      In addition, Donald Jonathan Peterson, beginning in December of 2013, turned

over to James R. Morton on a quarterly basis payments of approximately eighteen

thousand dollars in cash, although in each case certainly a little less than twenty

thousand dollars. Morton and Peterson, with intent to deceive and evade taxation

never reported these transactions to the IRS, and hence they are a violation of 31 USC

5313. These payments may be still on-going, but certainly occurred up to and

including the summer of 2017, which would be an amount of $270,000.00, half of

which is Plaintiff's community estate share.  Donald Jonathan Peterson and James

Morton told Plaintiff, who witnessed these transactions, that the amounts were being

invested in a corporation.  However, the corporation that was formed, Novus Initium,

Inc., never issued any shares of any kind, nor did it issue any income to any party. Mr.

Morton fraudulently and with criminal intent, malice aforethought and intent to

deceive took the money from the Petersons quarterly, did not issue them shares, and

made no explanation of where the money went. Mr. Morton and Novus Initium, Inc.

fraudulently and with malice aforethought deceived the Petersons to turn over their

money for stock that was never issued. The Petersons reasonably believed and relied

upon the statements of Morton that the money was being invested in the company, but

were maliciously defrauded by Morton and Novus Initium, Inc. and deposited in

unknown accounts, some of which may be offshore, and in Serco Ltd. PLC dba Serco

USA Inc. Hence, Ms. Peterson demands of Mr. Morton, Novus Initium, Inc. and

Serco Ltd. PLC dba Serco USA Inc. her share of the community assets turned over to

Morton and Novus Initium, Inc., being $135,000.00, costs and attorney's fees. Since

the actions of Morton and Novus Initium were done maliciously and with the intent to defraud, Plaintiff asks that the damages be tripled.

17.    **COUNT FOUR: ACTION FOR WIRETAPPING UNDER STATE AND FEDERAL LAW**

18.    For various months, Plaintiff's phone communications and e-mail and Facebook entries have been wiretapped and monitored by a third party, who may be Nasro Garguita and certainly by Jonathan Donald Peterson, in violation of Tex. Civ. Practice .and Remedies Code Chapter 123 and 18 USC 251. This probably could not be carried out by Donald Peterson himself, as he lacks the technical knowledge to do this, but he, with  malice aforethought and design to intimidate and harass, has approved, organized and maybe paid for them and hence has abetted it in violation of 18 USC 2. It has been carried out by Novus Initium, Inc., or individuals working for them or known to them or to Donald Peterson himself, and were done with malice aforethought and intent to harm and intimidate, and perhaps for money paid by Mr. Peterson.

19.    In fact, she had to close her Facebook account because the hackers were with malice aforethought and intent to harm and intimidate sending false messages to third parties, of which she was apprised by a third party.

20.    As redress for this illegal surveillance, Plaintiff demands of Defendants, joint and severally, an amount above minimum jurisdictional amount of this court, plus costs, interest and attorney's fees.

16

21.    **COUNT FIVE: ACTION FOR UNLAWFUL INSTALLATION OF A TRACKING DEVICE IN VIOLATION OF TEXAS PENAL CODE, CHAPTER 16.06**

22.    Plaintiff found that her car, a 2014 Infiniti QX 50, had a tracking device installed, in violation of Texas Penal Code, Chapter 16.06, which was duly removed by AAA. This was installed by one of Donald Jonathan Peterson's henchmen with malice aforethought and the intent to harm and intimidate, at the instruction and perhaps payment by said Donald Jonathan Peterson who ordered said installation with malice aforethought and intent to illegally and against the statute spy, intimidate and harm.

23.    Wherefore, Plaintiff demands of Defendants; joint and severally, an amount above the minimal jurisdiction of the court, plus costs, attorney's fees and interest.

24.    **COUNT FIVE: ACTION FOR ASSAULTS AND TERRORISTIC THREATS BY PHONE IN VIOLATION OF 18 USC 2, 18 USC 1343 and 18 USC 1512**

25.    Throughout their marriage, Plaintiff has been the object of numerous willful and intentional acts of violence by her husband Donald Peterson. This includes prior incidents in Spring and McKinney, Texas as well as in other jurisdictions. However, the subject of this lawsuit are recent attacks within the limitation period of this action and with the sure intent to intimidate her as a potential witness in violation of 18 USC 1512.

26.    On October 29, 2017; January 10 through 14 2018; May 30, 2018; July 12, 13 and 17, 2018 Plaintiff was the subject of a number of threatening phone calls, instigated

by Donald Peterson. She was threatened willfully and with malice aforethought by persons with a Middle Eastern accent with death, disfigurement and, in one occasion, her disabled daughter Jessica was also threatened with murder and disfigurement. In a call made to her in July, she was told by a Middle Eastern voice that she would be killed if she didn't stop making complaints "against Master Don" (sic).

27.     On or about October 10, 2018, again Mohammed Al-Saady was seen casing the residence of the Plaintiff, maliciously causing her fear for herself and her daughter and causing the fear of a new attack.   Since then, on at least occasion Mrs. Peterson has been followed by a cream colored car with occupants of Middle Eastern origin.

28.     All these threats were done willfully, maliciously, and with malice aforethought and were made to scare, intimidate and put fear into Plaintiff. In fact they have put Plaintiff in fear for her life and bodily integrity, for herself and on some occasions for her disabled daughter Jessica. Those made by persons other than Donald Jonathan Peterson were done at his instigation and with his knowledge, approval, and perhaps payment and hence he has abetted them in violation of 18 USC 2. They been reported to the authorities, either by the Houston Police Department or the Harris County Constables for Precinct 4.

29.     Plaintiff has been living in an atmosphere of fear and intimidation, and has been terrorized and put in fear for her life the  proximate cause of which are the malicious, criminal, willful, and with malice aforethought actions of Donald Peterson and his associates and henchmen. These actions are partially the motive of the Protective

Order 2018-43315 issued by the 280th District Court of Harris County, Texas, signed on August 27, 2108 against Defendant Donald Jonathan Peterson.

30.     WHEREFORE, Plaintiff demands of Defendants, joint and severally, an amount above the minimum jurisdictional amounts of this court, as payment for her suffering the assaults and terroristic threats.

31.     **COUNT SIX: ACTIONS FOR PHYSICAL INTIMIDATION OF A WITNESS IN VIOLATION OF 18 USC 1512**

32.     On October 29, 2017, a green van with four men, including Mohammed Al-Saady, Khalid Altaee, Hussein Al-Akuelly and Adam Fahil, who are either employees, associates or affiliates of Donald Peterson, Novus or Serco or their employees, followed Plaintiff home and with malice aforethought maliciously and with intent to harm, intimidate or kill attacked her, including intentionally touching her breasts and destroying her phone. She had been followed home by this van on August 12 and 17. These attacked were instigated by Donald Peterson, and were done with his malice aforethought and knowledge, approval and maybe payment for the purpose of intimidating her as a witness, and hence abetted this attacks in violation of 18 USC 2. All named parties are in violation of 18 USC 1512.

33.     On December 31, 2017, again a green van with four men, including the above mentioned Mohammed Al-Saady, Hussein Al-Aukelly, Khalid Altaee and Adam Fahil, again with malice aforethought and intent to harm and kill intentionally attacked Plaintiff at her home, intentionally hitting her, pulling her hair, raping and sodomizing her. These attacks were reported to the police, and were instigated by

Donald Peterson and other Defendants, who approved and instigated them with malice aforethought as a way to intimidate and silence his wife as a potential witness through bodily harm and humiliation or even kill her.

34.     All these batteries and assaults have been reported to the authorities, either by the Houston Police Department or the Harris County Constables for Precinct 4.

35.     These actions are partially the motive of the Protective Order 2018-43315 issued by the 280th District Court of Harris County, Texas, signed on August 27, 2108 against Defendant Donald Jonathan Peterson.

36.     Also, and as proof of the continuing pattern of intimidation and racketeering against Mrs. Peterson, on or about the 15th of December, 2018 her vehicle, an Infiniti QX-50, was sabotaged by a person who with malice aforethought, intent to harm and intimidate and criminal intent placed a wrench in the undercarriage of the car, causing damage of a cost of $1,700.00 to the Plaintiff. The mechanic who oversaw the repair said the wrench could not have arrived there as road damage.

37.     Plaintiff has been living in an atmosphere of fear and intimidation, and has been physically harmed and put in fear for her life the  proximate cause of which are the malicious, intentional and criminal actions of Donald Peterson and his associates.

38.     WHEREFORE, Plaintiff demands of Defendants, joint and severally, an amount above the minimum jurisdictional amounts of this court, as payment for her suffering the assaults and terroristic threats.

**39.     COUNT SEVEN: ACTION FOR MENTAL ANGUISH**

40.     The assaults and terroristic threats, batteries, wiretapping and illegal tracking has led Plaintiff to suffer intense, continuing and severe mental anguish which has affected her life and required her to seek counseling. Plaintiff lives in a perpetual state of fear and intimidation due to the malicious, intentional and criminal actions of Mr. Peterson and his associates and henchmen.

41.     Wherefore, Plaintiff demands of Defendants; joint and severally, an amount above the minimal jurisdiction of the court, plus costs, attorney's fees and interest.

42.     **COUNT SEVEN: VIOLATION OF REQUIRED REPORTING AND TAX LAWS IN VIOLATION OF 31 USC 5313, 28 USC 7201 AND 28 USC 7203.** The money collected by Morton, Novus Initium, Inc. and by Donald Jonathan Peterson was used to buy computers, phones and other IT equipment that was customized for Arabic and possibly Farsi speaking customers. Mohammed Al-Saady turned over to Donald Jonathan Peterson a number of heavy luggage pieces over time, which Plaintiff suspects was electronic equipment for export and sale to customers Iraq or maybe even Iran. The profits of these ventures, of which Defendants Morton, Novus Initium, Inc. and Peterson got a share, were most likely deposited in offshore accounts. None of this income nor the amounts brought into the country in excess of $10,000.00 have been reported to the IRS by the Defendants Morton, Peterson and others in an attempt to maliciously evade taxes and reporting requirements in violation of 31 USC 5313. These action were done by Defendants Morton and Peterson with malice aforethought and intent to evade taxes, reporting and currency rules in violation of 28 USC 7201 and 7203,

21

43.     Defendant Novus Initium Inc. may simply have been a front by and through which Defendants Peterson and Morton, *inter alii,* got contracts, but were then paid individually by contractors and the money of such deals was deposited in foreign or offshore bank accounts.

44.     Both Defendants Serco and Novus Initium have intentionally and with malice aforethought failed to report any earnings by Donald Jonathan Peterson to the federal authorities and to withhold any amounts due for taxes in violation of 28 USC 7201 and 7203.

45.     As a result, Plaintiff is in danger of being prosecuted by the federal authorities for the tax and administrative wrongdoings of her husband

46.     Wherefore, Plaintiff demands of Defendants, jointly and severally, the amount of $133,000.00 for the amounts belonging to Plaintiff   the Defendants illegallly transferred to accounts beyond the reach of Plaintiff, plus attorney's fee, costs and interest; and,

47.     $130000.00, being her share of the amount invested in Novus Initium or some other venture controlled by or carried out by James Robert Morton and Novus Initium, Inc., and which was simply a fraudulent scheme meant to get the couples money, plus attorney's fees, costs and interest; and, in view of the malicious intent to defraud, that such damages be tripled; and

48.     And an amount above the jurisdictional limit of the court, plus costs, attorney's fees and interest, being half the amounts in foreign accounts belonging to Donald Jonathan Peterson unknown to Plaintiff.

22

49.     And that the Court instruct the Defendants to file (a) amended tax returns showing the true income realized; (b)  FBAR reports to the US Treasury showing their holdings overseas, and that they support Plaintiff with such documents as needed and required to secure her innocent spouse status.

**50.     COUNT EIGHT: VIOLATION OF THE FEDERAL FOREIGN CORRUPT TRADE PRACTICES ACT IN VIOLATION OF 15 USC 78DD-1.**

**51.**     Defendant Morton and Peterson, with the assistance of Defendants al-Saadi and others, did willfully and maliciously and with criminal intent bribe Iraqi customs officials to allow their illegally exported phones into Iraq.

**52.     COUNT NINE: COMMITTING PHONE AND INTERNET  FRAUD**

**53.**     Defendants Morton and Peterson, inter alii, and those using the phone threats, with malice aforethought and criminal intent to harm used the phones in violation of 18 USC 1343 and e-mails and internet to further their schemes, whether by communicating their schemes or by phoning in or e-mailing the threats against Plaintiff Peterson, which were also sent maliciously and with malice aforethought by e-mail constituting wire fraud under 18 USC 1030.

**54.                         JURISDICTION AND VENUE**

54.  Venue is proper in this judicial district pursuant to 18 U.S.C. Sec. 1965 and 28 U.S.C. 1391 because Defendants are subject to personal jurisdiction in this judicial district and reside in this district. Jurisdiction is proper because as a result of the continuing conspiracy furthered by the above cited parties to defraud Plaintiff Peterson and, as a vehicle for their crimes, turning Novus Initium, Inc. into a criminal enterprise.

Novus Initium, Inc., a corporation engaged in interstate commerce, has suffered damages. Hence, this Court has jurisdiction pursuant to the Racketeering Influenced and Corrupt Organizations Act (RICO). 28 USA 1961. Furthermore, if the RICO action fails, diversity is given by Serco USA Inc., a company located in Virginia. The damages claimed in this suit are well above the minimum jurisdictional requirement of this court

55.                                 **DAMAGES**

55.     DAMAGES. For Count One, Wherefore, Plaintiff demands of the Defendants, joint and severally, $133,000.00, plus attorney's fees, costs and interest.  For Count Two, Plaintiff demands the return of all the community assets to the United States and they be accounted for to her, and that all monies be reported to the FBAR and IRS and that the IRS returns filed by Mr. Peterson be amended and the pertinent  FBAR reports filed at Defendant Peterson's cost and expense. For Count Three, Ms. Peterson demands of Mr. Morton and Novus Initium, Inc. her share of the community assets turned over to Morton and Novus Initium, Inc., being $130,000.00, costs and attorney's fees. Since the actions of Morton and Novus Initium were done malicious and with the intent to defraud, Plaintiff asks that the damages be tripled. For Counts Four, Five, Six and Seven, Eight and Nine damages are asked within the jurisdictional limits of the Court, and such administrative steps to restore Jill Peterson and Novus Initium to normalcy.

56.     TRIPLE DAMAGES. Furthermore, Plaintiff requests triple punitive damages from the Defendants, jointly and severally, in compensation for Peterson's malicious actions, and pattern of fraud and the prior actions, which have been the integral parts

of a campaign of violence and rape against Plaintiff by Peterson, Morton and their co-conspirators. Defendant Morton and Peterson's and others' malicious desire to harm Peterson, the lack of good faith and honesty by Peterson and Morton, their willing and reckless disregard for the law and the truth, for court procedures and their fraud and intimidation, inducing a third party to rape and assault are malicious to the extreme, shocking to the senses, and a pattern of malice that warrant the triple damages pursuant to 28 USC 1964 et seq.

57. REQUEST FOR ATTORNEY'S FEES AND COSTS.  In order to respond to this suit, Mrs. Peterson has had to hire the undersigned lawyers and file this reply and litigate this case, and requests its reasonable attorneys' fees, expenses and costs of court.

58. . WHEREFORE, Petitioner Jill Kathryn Peterson prays that Donald Jonathan Peterson, James R. Morton, *et alii*, be cited to appear, and that the court find that their action(s) were done for the criminal purpose of fraud and harassment and that they have waged a pattern of racketeering against Plaintiff Jill Kathryn Peterson; and as a result grant Mrs. Peterson the damages and triple damages requested, attorneys' fees and costs in a reasonable amount and post judgement interest as allowed for by law for having to litigate these actions.

59. Any other relief as allowed in law or equity.

60. PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

MICHAEL SKADDEN
State Bar of Texas No.18451600
Admitted, U.S. District Court, S.D. of Texas Number 9742
Law Office of Michael Skadden
www.michaelskadden.com
michaelskadden@att.net
Phone: (713) 713-785-8948
Fax: (713) 975-9303
Attorney for Plaintiff Jill Peterson
10001 Westpark No. 30
Houston, Texas 77042

26